IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SHEE WINN**, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. PJM 06-3222 |
| | * | |
| **SHADY GROVE ADVENTIST** | * | |
| **HOSPITAL FOUNDATION, INC.,** | * | |
| | * | |
| Defendant | * | |

## MEMORANDUM OPINION

I.

On October 6, 2006, Shee Winn, *pro se*, filed a Complaint in the Circuit Court of Montgomery County against Shady Grove Adventist Hospital Foundation (SGAHF) alleging (1) employment discrimination based on national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-e17 (2004), (2) discrimination in violation of 42 U.S.C. § 1981 (2004), and (3) retaliation. On November 30, 2006, Shady Grove removed to the United States District Court for the District of Maryland.

On December 7, 2006, SGAHF filed the instant Motion to Dismiss indicating that Winn had never been employed by SGAHF, but that instead he had been employed by Shady Grove Nursing and Rehabilitation Center, Inc.(SGNRC), a separate legal entity. On December 8, 2006, the Clerk of the Court mailed a letter to Winn informing him of his right to respond within seventeen days to the Motion to Dismiss filed by Defendant. Winn never filed a Response.

II.

In order for the Court to maintain jurisdiction over Winn's Title VII and § 1981 claims, he must be able to show an employer-employee relationship with SGAHF. Under Title VII, a plaintiff may only state a claim of employment discrimination or retaliation against his "employer." *See Woodard v. Virginia Bd. Of Bar Examiners*, 598 F.2d 1345 (4th Cir. 1979). Section 1981 differs from Title VII in that it "does not apply solely to employers or employment discrimination." *Aleman v. Chugach Support Servs.*, 2007 U.S. App. LEXIS 10350, at *12 (4th Cir. May 3, 2007). However, Winn has alleged a § 1981 employment discrimination claim against SGAHF, and, therefore, must maintain an employment relationship. In the absence of such a relationship, the Court does not have subject matter jurisdiction over any of Winn's claims. *See Woodard*, 598 F.2d at 1346; *Hukill v. Auto Care, Inc.*, 192 F.3d 437, 441-42 (4th Cir. 1999).

SGAHF has filed an affidavit from the Human Resources Director of the Adventist Senior Living Services, Inc., the parent company of SGNRC, indicating that Winn was employed by SGNRC. SGAHF has also supplied the Court with documentation verifying that SGAHF and SGNRC are separate legal entities. Winn could maintain an action against SGAHF if he had alleged that SGAHF and SGBRC may be considered so interrelated that they constitute a single "integrated employer." *Hukill*, 192 F.3d at 442. But he has not so alleged. Thus, Winn cannot maintain that he was employed by SGAHF, and the Court lacks subject matter jurisdiction over his claims.

-3-

III.

Accordingly, SGAHF's Motion to Dismiss for lack of subject matter jurisdiction is GRANTED. Winn's claims are DISMISSED WITHOUT PREJUDICE to his right to refile them against the proper defendant.

A separate Order will Issue.

/s/
PETER J. MESSITTE
June 12, 2007                    UNITED STATES DISTRICT JUDGE